IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

GERALD A. SANFORD,

    Plaintiff,

vs.

DERRICK D. SCHOFIELD,
et al.,

    Defendants.

No. 12-2685-JDT-tmp

ORDER ASSESSING APPELLATE FILING FEE [DE# 158]

Plaintiff, who is currently an inmate at the Hardeman County Correctional Facility ("HCCF"), in Whiteville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The court issued an order that, *inter alia*, dismissed those claims, certified that an appeal would not be take in good faith, and notified Plaintiff of the appellate filing fee. Judgment was entered for Defendants.

Plaintiff filed a notice of appeal on May 4, 2015, but did not file the financial information required by McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), and the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b). Therefore, the court order Plaintiff to submit an *in forma pauperis* affidavit and a certified trust account statement or submit the full appellate filing fee. Plaintiff has now submitted the requisite information along with a motion to proceed on appeal *in forma pauperis* [DE# 158].

Twenty-eight U.S.C. § 1915(b) now provides:

(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

    (A) the average monthly deposits to the prisoner's account; or

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Thus, the *in forma pauperis* statute does not excuse payment of the full filing fee required by 28 U.S.C. § 1914(a); it merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. Thus, because Plaintiff is a prisoner, he must pay the entire $505 appellate filing fee regardless of whether he is granted leave to proceed *in forma pauperis*, although he may take advantage of the installment payment method of 28 U.S.C. § 1915(b).

The trust fund officer at HCCF is ORDERED to withdraw and submit to the Clerk of this court a partial filing fee in accordance with the § 1914(a) as set out above. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the account and forward them to the Clerk of Court. The prison official shall then withdraw any funds subsequently deposited to Plaintiff's account, up to the amount of the initial partial filing fee determined above less any amounts previously submitted to the court, at the time they are deposited and forward them to the Clerk of Court, until the initial partial filing fee is paid in full. Unlike the monthly payments, this money shall be withdrawn from the prisoner's account whenever there is any money in the prisoner's account.

After full payment of the initial partial filing fee, the trust fund officer is ORDERED to withdraw and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $505 filing fee is paid.

Whenever funds are withdrawn from the prisoner's account under the authority of this order, the trust fund officer shall print a copy of the prisoner's account statement showing all activity in the account since the last withdrawal under the authority of this order. The account statement shall be submitted to the Clerk along with the payment.

All payments and account statements shall be sent to: Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103, and shall clearly identify Plaintiff's name and the following case number: 12-cv-02685-JDT-tmp.

In the event that Plaintiff is transferred, Plaintiff is ORDERED to notify this court and the Court of Appeals immediately of his change of address and provide the prison officials at the new facility with a copy of this order. Finally, the Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at HCCF and to the Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE