IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD A. SANFORD, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 12-2685-JDT-tmp |
| | ) | |
| DERRICK D. SCHOFIELD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR REPLICA OF EXHIBITS

The *pro se* prisoner Plaintiff, Gerald A. Sanford, Sr., filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court issued an order on March 19, 2913 that, *inter alia*, severed and transferred some of the claims to the Middle District of Tennessee, dismissed certain claims, and directed that process be issued for six individual Defendants. (ECF No. 10.) Subseqently, each of those six Defendants was either dismissed (ECF Nos. 32 & 60) or granted summary judgment (ECF No. 153). Judgment was entered on April 14, 2015. (ECF No. 154.) Plaintiff appealed, and the Sixth Circuit affirmed. *Sanford v. Schofield*, No. 15-5513 (6th Cir. May 20, 2016).

On February 5, 2016, Plaintiff filed a second "Motion Requesting Replica of Exhibits for Trial in the Middle District." (ECF No. 161.) He states that his legal work was not included with his personal property when he was transferred from the Turney Center Industrial Complex to the Hardeman County Correctional Facility in May 2013. (*Id.* at 1.)

Plaintiff further states that he wrote to the Clerk of this Court, explaining his "predicament" but received no response. However, the docket shows no such "correspondence" to the Clerk prior to Plaintiff filing his first motion for "replica of exhibits" on October 3, 2014. (ECF No. 140.) The Court denied that motion without prejudice because Plaintiff had not specified which specific exhibits he sought.

Plaintiff's motion is DENIED. Plaintiff again does not specify which exhibits he seeks. Furthermore, when this case was transferred to the Middle District of Tennessee, all of the many exhibits filed by Plaintiff prior to the date of transfer were also transferred electronically to that court. Plaintiff should have directed his requests for copies to that court.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE